UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BAILEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEREMY BEAN, et al.,<br><br>　　　　Defendants. | Case No.: 2:25-cv-02233-CDS-BNW<br><br>**ORDER DENYING UNSIGNED MOTION**<br><br>(ECF No. 3) |

This action began with an application to proceed *in forma pauperis* and a pro se 42 U.S.C. § 1983 civil-rights complaint filed by state prisoner Anthony Bailey. ECF Nos. 1, 1-1. On December 9, 2025, Baily filed a document titled "Voluntary Dismissal Pursuant to Rule 41(a)(1) of the Fed. R. Civ. P." ECF No. 3. Ordinarily, the filing of a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(i) operates to terminate the case without further order of the court when, like here, no party has served either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(a)(i); *accord Duke Energy Trading & Marketing, LLC v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001) (reiterating that Rule 41(a)(1)(i) dismissal has the effect that no case was brought and terminates the court's jurisdiction over the claims). But Bailey's document did not have that effect because he did not sign it. *See* ECF No. 3 at 1. Bailey merely signed the certificate of service, *see* ECF No. 3 at 2, which is not sufficient. *See* Fed. R. Civ. P. 11 (a) (an unrepresented party must personally sign every pleading, motion, or similar paper submitted to the court).

It is therefore ordered that Bailey's unsigned motion to voluntarily dismiss this action is denied without prejudice. If Bailey wishes to voluntarily dismiss this action, then he must file a <u>signed</u> notice under 41(a)(1)(a)(i) to that effect.

DATED: December 18, 2025

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE